Arturo E. Matthews, Jr. (SBN #145232)
**BURNETT & MATTHEWS LLP**
4675 MacArthur Court, Suite 1540
Newport Beach, California 92660
Telephone: (949) 975-1980
Facsimile: (949) 975-1988

Attorneys for Movant U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MARM 2006-OA2

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No: 10-45174-LJT |
| CHRISTOPHER ROBLES FAJARDO AND FRANCISCA TUAZON FAJARDO, | DC No. AEM-1 |
| Debtors, | CHAPTER 7 |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MARM 2006-OA2, | MOTION FOR RELIEF FROM AUTOMATIC STAY |
| Movant, | Date: June 18, 2010 |
| v. | Time: 11:00 a.m. |
| CHRISTOPHER ROBLES FAJARDO AND FRANCISCA TUAZON FAJARDO, Debtor(s); TEVIS THOMPSON, Chapter 7 Trustee; | Ctrm: 201 |
| Respondents. | |

**TO THE HONORABLE LESLIE J. TCHAIKOVSKY, UNITED STATES BANKRUPTCY JUDGE; THE DEBTORS, THE CHAPTER 7 TRUSTEE, AND ALL INTERESTED PARTIES:**

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MARM 2006-OA2, its assignees and/or successors in interest, ("Movant"), by and through its counsel of record, BURNETT & MATTHEWS, LLP, hereby moves the Court for an Order granting Movant relief from the automatic stay to exercise its remedies under its Deed of Trust and California law, in order to foreclose upon and sell the Subject Property located at 1400 Alder Creek Court, Lincoln, CA 95648 ("Subject Property").

This motion is based upon the following facts and circumstances, as shown by the Declaration of Chamagne Williams and exhibits attached in support thereof:

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 361 and 362 of the United States Bankruptcy Code and Rules 4001, 9013, 9014 of the Federal Rules of Bankruptcy Procedure. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Movant is, and at all times herein mentioned was, a corporation authorized to do business in and is doing business in the State of California.

3. Christopher Robles Fajardo and Francisca Tuzaon Fajardo (hereinafter, the "Debtors") filed the above-captioned Chapter 7 case on May 5, 2010.

4. Tevis Thompson ( "Trustee") is the duly appointed and acting Chapter 7 Trustee in the above-captioned case.

5. Movant is the holder of a Promissory Note dated June 14, 2006, in the original principal sum of $720,000.00 ( the "Note"). The Note is secured by a duly perfected Deed of Trust of even date over the Subject Property. The Subject Property is legally described in the Deed of Trust.

6. Pursuant to the terms and conditions of the Note and Deed of Trust, the Borrowers are obligated to make monthly payments on the first day of each month.

7. On or about September 1, 2007, a a default occurred under the terms and conditions of the Note and Deed of Trust in that the Borrower failed to make the monthly payments which became due. The Borrowers have failed to make all subsequent payments to Movant

8. According to a Broker's Price Opinion, the value of the Subject Property is $329,900.00.

9. As shown by the declaration of Chamagne Williams the amount due and owing to Movant as of May 12, 2010 was $920,666.87. Given the value of $329,900.00 and the approximate cost of sale being $23,093.00, there is no equity remaining in the Subject Property for the Debtors' benefit or that of the bankruptcy estate. Also, since this is a Chapter 7 case, the Subject Property is not necessary for an effective reorganization.

10. A Notice of Default was recorded on December 28, 2007. A Notice of Trustee's Sale was recorded on May 4, 2009 and a Trustee's Sale was previously set on May 20, 2009.

11. Debtors are not the borrowers. The Debtors purportedly obtained an interest in the Subject Property pursuant to a Deed of Trust with Assignment of Rents made in their favor and recorded on May 7, 2010.

12. Interest in the Subject Property has been transferred on six separate occasions through various Deeds of Trust. The first was to Lilian Kingman on November 30, 2007. A second transfer was to Jesusito Trasmil on June 30, 2008 and recorded on October 16, 2008. A third transfer was to Antonio Lozano Aguilar on July 31, 2008 and recorded on May 20, 2009. A fourth transfer was to Navtividad Tamondong on November 25, 2008 and recorded on June 17, 2009. A fifth transfer was to Juliet Mahinay on March 10, 2009 and recorded on July 24, 2009. The most recent transfer was to Cary Baluyot on October 30, 2008 and recorded on February 22, 2010.

13. There have been eight prior bankruptcies involving this property. In the Eastern District, Case No. 08-25201 was filed on April 23, 2008, by borrowers Laarnie Cayabyab and Aldwin Balbin Cayabyab. In the Northern District, Case No. 08-41866 was filed on April 18, 2008 by Lilian Kingman. Case No. 08-33864 was filed on September 29, 2008 by Jesusito Trasmil. Case No. 09-45388 was filed on June 18, 2009 by Jesus Madulid Tamondong and Natividad Castillo Tamondong. Case No. 09-31898 was filed on July 8, 2009 by Juliet Mahinay. Case No.09-43846 was filed by the Antonio Lozano Aguilar and Flora Aguilar on May 6, 2009 and was dismissed on May 28, 2009. Case No. 09-49873 filed by Antonio Lozano Aguilar and Flora Aguilar on October 20, 2009 and discharged on January 20, 2010. Case No. 10-50212 filed by Cary Isidro Baluyot and discharged on April 13, 2010.

14. Pursuant to 11 U.S.C. § 362(d)(4), Debtors' filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved the transfer of all or part ownership of, or other interest in, the Subject Property without the consent of Movant or court approval.

WHEREFORE, Movant prays for an Order as follows:

1. Granting Movant, its assignees and/or successors in interest immediate relief from the automatic stay pursuant to 11 U.S.C. Section 362 for all purposes necessary under state law, in order to foreclose upon and sell the Subject Property.

2. Granting Movant, its assignees and/or successors in interest immediate relief

from the automatic stay pursuant to 11 U.S.C. § 362(d)(4).

3. Following foreclosure, in the event that the Debtors fail to deliver up possession of the Subject Property, permitting Movant and its successors and assigns to proceed with all remedies available under state law;

4. In the alternative, if immediate relief is not granted, granting Movant and its successors and assigns adequate protection;

5. Movant further requests that the Court waive or shorten the 14 day waiting period prescribed by Federal Rule of Bankruptcy Procedure, Rule 4001(a)(3);

6. That this Order be binding on the Debtor and the Trustee with respect to any subsequent conversion to another chapter which may affect Movant's interest in the Property;

7. For such other and further relief as this Court deems appropriate.

Dated: May 19, 2010　　　　　　　　　　　　Respectfully Submitted,

BURNETT & MATTHEWS LLP


By:/s/Arturo E. Matthews, Jr.
ARTURO E. MATTHEWS, JR.
Attorney for Movant DEUTSCHE BANK NATION TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE TRUST 2006-AR11, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR11 UNDER THE POOLING AND SERVICING AGREEMENT DATED APRIL 1, 2006